UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| NOBLE ROMAN'S, INC., | ) | |
|     Plaintiff, | ) | |
| | ) | |
| vs. | ) | 1:07-cv-1176-LJM-JMS |
| | ) | |
| THE FRENCH BAGUETTE, LLC, | ) | |
| and J. PEACEFUL, LLC | ) | |
|     Defendants. | ) | |

## ORDER

This matter is before the Court on Defendants', French Baguette, LLC, and J. Peaceful, LLC ("Peaceful") (collectively, "Defendants"), Motion to Dismiss the Plaintiff's, Noble Roman's, Inc., Complaint under Federal Rules of Civil Procedure 12(b)(2) for lack of personal jurisdiction, 12(b)(3) for improper venue, and 12(b)(6) for failure of the pleading to state a claim upon which relief may be granted ("Rules 12(b)(2), 12(b)(3) and 12(b)(6)").

Plaintiff, Noble Roman's, Inc. filed this action against Defendants alleging, among other things, trademark infringement, unfair competition, and breach of contract. The Court has fully considered the parties' arguments and, for the reasons discussed below, **DENIES** Defendants' motion.

## I. BACKGROUND

Noble Roman's brings this suit against French Baguette and Peaceful, alleging that the Defendants improperly displayed signs bearing the Noble Roman's registered trademark at their Florida convenience store.

Noble Roman's is an Indiana corporation in the business of franchising Noble Roman's products, including pizza, breadsticks, and other related food items to various Noble Roman's Pizza Express franchisees throughout the world. Pl.'s Compl., ¶¶ 1-2. Noble Roman's registered its trademark on the Principal Register of the United States Patent and Trademark Office under registration number 0987069. Id. ¶ 3.

Peaceful and French Baguette are affiliated Florida limited liability companies. French Baguette owns and operates a convenience store located at 7770 Preserve Lane in Naples, Florida (the "Location"). Id. ¶¶ 4-7. Neither Peaceful nor French Baguette have any offices, directors, officers, agents, employees, real property, or financial accounts in Indiana.

In May 2001, Noble Roman's executed a five-year Franchise Agreement with Peaceful for the operation of a Noble Roman's Pizza Express franchise at the Location. Id. ¶ 13. Pl.'s Compl., ¶ 14. The Franchise Agreement stated that upon its termination, Peaceful was required to cease operation of its Noble Roman's Pizza Express franchise and thereafter forbidden to "hold itself out as a present or former [Noble Roman's] franchisee[.]" Pl.'s Compl. Ex. 1, Noble Roman's Inc. Franchise Agreement, at 24. Peaceful was also forbidden to "use, in any manner whatsoever . . . the mark 'Noble Roman's®' . . . and all other Marks and distinctive forms, slogans, signs, symbols, and devices associated with the [Noble Roman's Pizza Express] system. Id. Later that month, Peaceful transferred and assigned all of its rights and responsibilities under the Franchise Agreement to French Baguette.

French Baguette terminated the Franchise Agreement in January 2004, prior to the expiration of the five-year term. Pl.'s Compl., ¶ 21. Noble Roman's acknowledged the termination in an April 21, 2004, letter reminding French Baguette of its Franchise Agreement obligation to "return to Noble

Roman's, at [their expense], any items, including but not limited to signage . . . containing the Noble Roman's logo."  Pl.'s Compl. Ex. 3, Acknowledgment Letter.

On August 15, 2007, Noble Roman's area developer Edward Mitrani visited the Location and observed that the Noble Roman's trademark logo was displayed in at least two places. Mitrani Aff. ¶¶ 3-6. According to the Complaint, on August 24, 2007, Noble Roman's sent a letter to the owner of French Baguette, demanding that it "immediately cease using the Noble Roman's registered trademark and permanently" remove trademarked materials from the property.  Pl.'s Compl., ¶ 21.

Noble Roman's contends that Defendants have caused Noble Roman's irreparable harm. Pl.'s Compl. ¶¶ 30, 35, 41. Specifically, Noble Roman's alleges that Defendants infringed upon the Noble Roman's registered trademark in violation of federal law. *Id.* ¶ 29. Noble Roman's also alleges that Defendants have competed unfairly with Noble Roman's and have traded unfairly upon its well-established goodwill and reputation. *Id.* ¶¶ 33-34. Finally, Noble Roman's alleges that Defendants' actions breached their contractual obligations under the Franchise Agreement.

## II.  MOTION TO DISMISS STANDARD

Rule 12(b)(2) permits the dismissal of a claim for lack of jurisdiction over the person or entity,  Fed. R. Civ. P. 12(b)(2), Rule 12(b)(3) permits the dismissal of a claim for lack of proper venue. Fed. R. Civ. P. 12(b)(3), and Rule 12(b)(6) permits the dismissal of a claim for failure of the pleadings to state a claim upon which relief can be granted. In considering a motion advanced under Rule 12(b), the Court examines the sufficiency of the plaintiff's complaint as opposed to the merits of the lawsuit, and directs dismissal only if it appears to a certainty that the plaintiff can establish no basis for asserting personal jurisdiction.  The Court accepts as true all well-pleaded factual

3

allegations and draws all reasonable inferences in favor of the plaintiff bearing on personal jurisdiction. Yet, if a complaint consists of conclusory allegations unsupported by facts, it fails even under the liberal standards of Rule 12(b).

Moreover, in considering a Rule 12(b)(2) motion to dismiss, the Court reviews any affidavits and other documentary evidence that have been filed, as long as factual disputes are resolved in favor of the non-movant – in this case, Noble Roman's. *See Gibson v. City of Chicago*, 910 F.2d 1510, 1520-21 (7th Cir. 1990).

### III. DISCUSSION

#### A. PERSONAL JURISDICTION

A federal district court exercising diversity jurisdiction over the subject matter of an action has personal jurisdiction only if a court of the state in which it sits would have such jurisdiction. *See RAR, Inc. v. Turner Diesel, Ltd.*, 107 F.3d 1272, 1275 (7th Cir. 1997). Because federal courts are courts of limited jurisdiction, Noble Roman's must prove that personal jurisdiction over Defendants exists, if there is a challenge to it, by establishing a *prima facie* case that jurisdiction is proper. *See Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782-83 (7th Cir. 2003).

A determination of personal jurisdiction involves two steps. First, the Court must determine whether the state's "long-arm jurisdiction" statute allows jurisdiction and, second, whether the exercise of jurisdiction comports with due process. *NUCOR Corp. v. Aceros Y Maquilos De Occidente, S.A.*, 28 F.3d 572, 580 (7th Cir. 1994). Indiana's jurisdiction statute is Indiana Trial Rule 4.4 (A) ("Trial Rule 4.4(A)"). Trial Rule 4.4(A) designates eight bases for a defendant's contacts that would allow the Court to move to the constitutional inquiry. Ind. Tr. R. 4.4 (A). Trial Rule

4.4(A) was amended effective January 1, 2003, to include the following: "[A] court of this state may exercise jurisdiction on any basis not inconsistent with the Constitutions of this state or the United States." Thus, this Court has personal jurisdiction over Defendants to the limit allowed by the Due Process Clause of the Fourteenth Amendment.

The Due Process Clause requires that a non-resident defendant have "certain minimum contacts with [Indiana] such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945) (quoting *Milliken v. Meyer*, 311 U.S. 457, 463 (1940)). Personal jurisdiction under Trial Rule 4.4(A) may be either general or specific. *See Alpha Tau Omega v. Pure Country, Inc.*, 185 F. Supp. 2d 951, 956 (S.D. Ind. 2002). General jurisdiction makes a non-resident defendant amenable to suit within a particular forum regardless of the subject matter of the suit, based on a defendant's continuous and systematic contacts with the forum. *See Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 414-16 (1984). Noble Roman's does not contend that Peaceful and French Baguette should be subject to general jurisdiction in Indiana.

Specific jurisdiction makes a non-resident defendant amenable only to suits arising out of or related to its contacts with the particular forum. *Id.* at 414. Specific jurisdiction may be based on relatively modest contacts with the forum if they have a substantial connection to the plaintiff's action. *See Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-76 (1985).

For specific jurisdiction, due process requires that a non-resident defendant must have established his contacts with the forum state by purposefully availing himself of the privilege of conducting business there. *See Asahi Metal Indus. Co. v. Superior Ct. of Cal.*, 480 U.S. 102 (1987). "This 'purposeful availment' requirement ensures that a defendant will not be haled into a

jurisdiction solely as a result of 'random,' 'fortuitous,' or 'attenuated' contacts." *Burger King*, 471 U.S. at 475 (quoting *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 774 (1984)). In other words, the defendant's conduct and connection with the forum state should be such that he should reasonably anticipate being haled into court there. *See Burger King*, 471 U.S. at 474. It must be the activity of Defendants in the forum state that creates jurisdiction, not the conduct of Noble Roman's or a third party. *See Purdue Research Found.*, 338 F.3d at 780.

With respect to the first part of that analysis, Noble Roman's contends that Defendants' conduct fell under the "doing business" and "supplier" clauses of Indiana's long-arm statute. Those particular sections provide as follows:

> Any person or organization that is a nonresident of this state, a resident of this state who has left the state, or a person whose residence is unknown, submits to the jurisdiction of the courts of this state as to any action arising from the following acts committed by him or her or his or her agent:
>
> (1)     doing any business in this state . . .

Ind. T.R. 4.4(a)(1).

Defendants argue that they did not have contacts in Indiana of the character, quality, or consistency required to establish jurisdiction. The Court disagrees; Defendants have had contact with Indiana sufficient to support specific jurisdiction over a suit involving the Franchise Agreement with Noble Roman's. Defendants' contacts with Indiana were purposeful rather than random or fortuitous, and they gave them fair warning that they could be subject to suit in Indiana arising from those contacts. When Peaceful deliberately entered into a long-term Franchise Agreement with Noble Roman's, an Indiana corporation, it purposefully availed itself of the privilege of conducting business in Indiana. *See Burger King*, 471 U.S. at 473 ("[W]e have emphasized that parties who

'reach out beyond one state and create continuing relationships and obligations with citizens of another state' are subject to regulation and sanctions in the other State for the consequences of their activities.") (quoting *Travelers Health Ass'n v. Virginia*, 339 U.S. 643, 647 (1950)); *Woodmar Coin Center, Inc. v. Owen*, 447 N.E.2d 618, 621 (Ind. Ct. App. 1983) (stating that defendant "purposely availed himself of the benefits and responsibilities of doing business in this State by soliciting, negotiating and forming a contract with an Indiana resident"). By signing the Franchise Agreement, Defendants acknowledged that 1) the execution of the Franchise Agreement; 2) the acceptance of its terms; 3) the performance of certain franchise-related obligations; 4) payment of money, and 5) satisfaction of certain training requirements would occur in Indianapolis, Indiana. Franchise Agreement, at 27; Pl's Resp. in Opp. to Defs.' Mot. to Dismiss, at 6. The Franchise Agreement even states that it shall be construed according to Indiana law. *Id.* Furthermore, Defendants themselves submitted evidence indicating that they continuously communicated with Noble Roman's in Indiana through telephone and fax.

Even without physical presence in Indiana, fax and phone communication may establish minimum contacts, especially if they relate to an interstate commercial contract. *See id.* at 781 (citing *Burger King*, 471 U.S. at 476); *Heritage House Rests., Inc. v. Cont'l Funding Group, Inc.*, 906 F.2d 276, 283 (7th Cir.1990) (observing that defendant "created a relationship which is naturally based on telephone and mail contacts rather than physical presence, and it should not be able to avoid jurisdiction based on that distinction"). "It is these factors—prior negotiations and contemplated future consequences, along with the terms of the contract and the parties' actual course of dealing-that must be evaluated" in the minimum contacts analysis. *Burger King*, 471 U.S. at 479.

These combined factors demonstrate that Defendants could reasonably anticipate being sued in Indiana on claims arising from their Franchise Agreement with Noble Roman's.

Once the Court finds sufficient minimum contacts, a defendant escapes jurisdiction only by making a compelling case that forcing it to litigate in the forum state would violate traditional notions of fair play and substantial justice. *See Burger King*, 471 U.S. at 476. Defendants have not submitted any evidence demonstrating that forcing him to litigate in this judicial district would violate traditional notions of fair play and substantial justice. Though it is always somewhat burdensome to defend a lawsuit away from home, it is not a burden that violates due process in this instance. *See Burger King*, 471 U.S. at 474 (explaining that modern transportation and communications mean it is usually not unfair or too burdensome to require a party to defend itself in a state where it engages in economic activity); *see also Bd. of Trustees, Sheet Metal Workers' Nat'l Pension Fund v. Elite Erectors, Inc.*, 212 F.3d 1031, 1037 (7th Cir. 2000) ("Easy air transportation, the rapid transmission of documents, and the abundance of law firms with nationwide practices, make it easy these days for cases to be litigated with little extra burden in any of the major metropolitan areas.").

Defendants would not suffer a significantly greater burden in defending this suit here. Further, Noble Roman's, an Indiana corporation, has an interest in obtaining convenient and effective relief. *See Burger King*, 471 U.S. at 482-83. In light of the substantial connection between Noble Romans' claim and Defendants' purposeful contacts with this forum, and the lack of prejudice to Defendants in appearing here, this Court may exercise personal jurisdiction over Defendants in this action.

## B. VENUE

Defendants also contend that venue is improper under 28 U.S.C. § 1391, which states in pertinent part:

> (a) A civil action wherein jurisdiction is founded only on diversity of citizenship may, except as otherwise provided by law, be brought only in (1) a judicial district where any defendant resides, if all defendants reside in the same state, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (3) a judicial district in which any defendant is subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action may otherwise be brought.
>
> * * *
>
> (c) For purposes of venue under this chapter, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced.

According to Defendants, because they are Florida corporations, venue is only proper in the district in which they reside: the Middle District of Florida. As Noble Roman's points out, however, for purposes of venue, a defendant that is a corporation shall be deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced. 28 U.S.C. § 1391(c). Because Defendants were subject to personal jurisdiction in this district when Noble Roman's filed this suit, venue is proper. Accordingly, the Court denies Defendants' Motion to Dismiss for Improper Venue.

## C. FAILURE TO STATE A CLAIM UPON WHICH RELIEF CAN BE GRANTED

Defendants seek dismissal of Noble Roman's claims pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted. The purpose of a Rule 12(b)(6) motion to dismiss

is to test the legal sufficiency of the Complaint, not to resolve the case on its merits. *See Triad Assoc., Inc. v. Chi. Housing Auth.*, 892 F.2d 585, 586 (7th Cir. 1989); 5B Charles Alan Wright & Arthur R. Miller, FEDERAL PRACTICE & PROCEDURE § 1356 (3d ed. 2004). Federal courts adhere to a notice pleading regime, and, as such, a plaintiff need not plead facts as long as the defendant has at least minimal notice of the claim or claims being asserted. Fed. R. Civ. P. 8; *Scott v. City of Chicago*, 195 F.3d 950, 951 (7th Cir. 1999).

When ruling on a motion to dismiss for failure to state a claim, pursuant to 12(b)(6), the Court accepts as true all well-pleaded factual allegations in the Complaint and the inferences reasonably drawn from them. *See Baxter by Baxter v. Vigo County Sch. Corp.*, 26 F.3d 728, 730 (7th Cir. 1994). Dismissal is appropriate only if it appears beyond doubt that plaintiff can prove no set of facts consistent with the allegations in the complaint that would entitle it to relief. *See Hi-Lite Prods. Co. v. Am. Home Prods. Corp.*, 11 F.3d 1402, 1405 (7th Cir. 1993). This standard means that if any set of facts, even hypothesized facts, could be proven consistent with the complaint, then the complaint must not be dismissed. *See Sanjuan v. Am. Bd. of Psychiatry & Neurology, Inc.*, 40 F.3d 247, 251 (7th Cir. 1995).

Defendants raise only one argument in favor of their motion to dismiss: that Peaceful is not liable under the Franchise Agreement, incorporated into the complaint by reference, because of a handwritten provision indicating that all references to "Peaceful" should be interpreted to mean "French Baguette." Defs.' Mem. in Supp. of Mot. to Dismiss, at 11. Noble Roman's alleges that Peaceful and French Baguette are affiliated companies. Pl.'s Compl., ¶ 7. Noble Roman's is entitled to further discovery on this issue; thus, at this time the Court will not dismiss the claim against Peaceful for failure to state a claim upon which relief can be granted.

## IV.  CONCLUSION

For the foregoing reasons, Defendants', the French Baguette, LLC, and J. Peaceful, LLC, Motion to Dismiss the Plaintiff's, Noble Roman's, Inc., Complaint, is **DENIED**.

IT IS SO ORDERED this 8th day of April, 2008.

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Electronically distributed to:

Peyton Louis Berg
BOSE MCKINNEY & EVANS, LLP
pberg@boselaw.com

Paul D. Refior
REFIOR LAW OFFICE
paul@refior.com